UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAJIRI EL-JABAZWE

       Plaintiff,

v.

WELLS FARGO HOME MORTGAGE,
TAMIKA A. HORNE, HEIDE M. MYSZAK,
DANA L. GOTTLIEB, MICHAEL BOUCHARD,
and JOHN M. ROEHRIG

       Defendants.
_____/

Case No. 13-10310
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 18, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings [dkt 12] and Motion for Summary Judgment [13], Defendants Michael Bouchard and John Roehrig's Motion for Judgment on the Pleadings [dkt 15], and Defendants Tamika Horne, Heide Myszak, and Dana Gottlieb's Motion for Judgment on the Pleadings [18].  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the

motions be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's motions are DENIED and Defendants' motions are GRANTED.[1]

## II. BACKGROUND

### A. FACTUAL BACKGROUND

This is a foreclosure case involving real property located at 29928 Eastfield Street, Farmington Hills, Michigan 48334 (the "Property"). Plaintiff Michael Rajiri El-Jabazwe ("Plaintiff") received a loan in the amount of $141,000.00 (the "Loan") from lender, Provident Funding Associates, L.P. ("Provident"), to purchase the Property. On February 21, 2005, Plaintiff executed a note (the "Note") in favor of Provident and, to secure repayment of the Loan, granted a mortgage interest in the Property (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), which served as nominee for Provident. The Mortgage was recorded with the Oakland County Register of Deeds on March 11, 2005. According to the terms of the Mortgage, if Plaintiff failed to make the required payments under the Note, the lender and the lender's successors and assigns could commence foreclosure proceedings against the Property. MERS subsequently assigned its interest in the Mortgage to Wells Fargo Bank, N.A. ("Wells Fargo").

Plaintiff subsequently defaulted on his Loan. On April 16, 2012, Wells Fargo sent correspondence to Plaintiff notifying him of his delinquency and possible acceleration on the Note. Plaintiff failed to bring his Loan current.

Wells Fargo then referred the matter to Trott & Trott, P.C. ("Trott & Trott") to initiate foreclosure proceedings by advertisement. Consistent with Mich. Comp. Laws § 600.3208, Trott & Trott published the required legal notice of its intention to sell the Property at a Sheriff's sale, which was scheduled for

---

[1] Defendant Wells Fargo Bank, N.A. did not file a motion. In fact, it is unclear to the Court if Wells Fargo Bank, N.A. was properly served in this matter. Accordingly, the Court will concurrently enter an order with this Opinion requiring Plaintiff to show cause as to why he has not served Wells Fargo Bank, N.A.

September 18, 2012. The Property was sold on September 18, 2012, to Federal Home Loan Mortgage Corporation ("Freddie Mac").

**B. PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed this lawsuit on January 24, 2013. Plaintiff's complaint lists the following Counts: 42 U.S.C. §1983 (Count I); 42 U.S.C. § 1985(3) (Count II); 42 U.S.C. § 1983: refusing or neglecting to prevent (Count III); Malicious Abuse of Process (Count IV); 18 U.S.C. §§ 241 and 242 (Count V); Intentional Infliction of Emotional Distress (Count VI); and Mail Fraud (Count VIII). The Court dismissed Plaintiff's state-law claims (Counts IV and VI) on March 6, 2013.

Plaintiff filed a motion for summary judgment and motion for judgment on the pleadings. Defendants responded to the motions and, in turn, filed cross-motions for judgment on the pleadings.

### III. LEGAL STANDARD

**A. FED. R. CIV. P. 12(C)**

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court's review under Fed. R. Civ. P. 12(c) is the same as the review under Fed. R. Civ. P. 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, the plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed.2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

**B. FED. R. CIV. P. 56(A)**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–

4

that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. PLAINTIFF'S MOTIONS

Plaintiff's motion for judgment on the pleadings—spanning only two pages—requests judgment on the basis that Defendants "respond[ed] in an unintelligible manner" to his complaint and that Plaintiff has offered evidence that "can't be disputed by Defendant[s]." Thus, to the extent Plaintiff's argument under Fed. R. Civ. P. 12(c) rests solely on those conclusory statements, the Court is unable to find that Plaintiff has demonstrated he is "clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation and quotations omitted).

Plaintiff's motion for summary judgment is similarly deficient. In his argument for summary judgment, Plaintiff asserts that Defendants "have admitted to the crime in the certified documents presented to the [C]ourt."[2] Yet, the Court's review of the record reveals no such admission by any of the Defendants in this matter. Accordingly, Plaintiff has failed to offer evidence sufficient for the Court to find the absence of any genuine dispute as to a material fact.

---

[2] The "certified documents" to which Plaintiff refers appears to be the multitude of letters, affidavits, and "notary's certificate of services" mailed to Wells Fargo, Trott & Trott, and Defendants Bouchard and Roehrig.

In brief, Plaintiff wholly failed to meet the evidentiary burdens required under Fed. R. Civ. P. 12(c) and 56(a), and the Court therefore denies both of Plaintiff's motions. Having determined that Plaintiff's motions fail, the Court will next address the merits of Plaintiff's complaint.

## B. PLAINTIFF'S COMPLAINT

### i. Count I – 42 U.S.C. § 1983; Count III – 42 U.S.C. § 1983: refusing and neglecting to prevent

It is well recognized that the Constitution protects citizens from infringement of their rights by the government, but not by private parties. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Consequently, to establish liability under § 1983, the plaintiff must prove that the deprivation of rights was caused by a person acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). First, it is beyond dispute that Defendants Horne, Myszak, and Gottlieb fail to qualify as state actors.[3] Therefore, even when construing the facts in a light most favorable to Plaintiff, Counts I and III must be dismissed against these Defendants as they were not acting under color of state law.

Second, to the extent Plaintiff posits that Defendants Bouchard and Roehrig can be considered state actors in foreclosure by advertisement proceedings, that notion has been explicitly rejected by the Sixth Circuit. *Northrip v. Fed. Nat'l Mortg. Assoc.*, 527 F.2d 23, 28–29 (1975) (holding that foreclosure by advertisement does not implicate due process rights and thus a sheriff's participation in the procedure is not "state action"). Accordingly, Plaintiff cannot sustain a viable § 1983 claim against any of the individual Defendants.

### ii. Count II – 42 U.S.C. § 1985(3)

Plaintiff also asserts a violation of 42 U.S.C. § 1985(3), which "prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of

---

[3] These Defendants are employed by Trott & Trott as attorneys.

6

the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). To maintain a cause of action pursuant to a § 1985 claim, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky*, 395 F.3d at 314 (6th Cir.2005) (citations omitted).

In *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971), the Supreme Court amplified the requirements necessary for a valid cause of action under this section: "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102. Here, Plaintiff's § 1985(3) claim fails because Plaintiff did not plead "racial" or "class-based" discriminatory animus on behalf of Defendants. Thus, Plaintiff has failed to even plead the elements of a § 1985(3) claim, let alone allege facts in support of such a claim. Accordingly, dismissal of Plaintiff's § 1985(3) claim is warranted pursuant to Fed. R. Civ. P. 12(c).

### iii. Count V – 18 U.S.C. §§ 241 and 242; Count VII – Mail Fraud (18 U.S.C. §§ 1341 and 1342

Plaintiff's complaint also includes claims under 18 U.S.C. §§ 241 and 242, and 18 U.S.C. §§ 1341 and 1342. These criminal statutes, however, do not authorize any private civil cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Moreover, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of [D]efendants for [their] alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)). As such Plaintiff's claims brought under Title 18 of the United States Code (Counts V and VII) must be dismissed.

7

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings [dkt 12] and Motion for Summary Judgment [13] are DENIED.

IT IS FURTHER ORDERED that Defendants Michael Bouchard and John Roehrig's Motion for Judgment on the Pleadings [dkt 15] is GRANTED.

IT IS FURTHER ORDERED that Defendants Tamika Horne, Heide Myszak, and Dana Gottlieb's Motion for Judgment on the Pleadings [18] is GRANTED.

IT IS FURTHER ORDERED that Defendants Tamika Horne, Heide Myszak, and Dana Gottlieb's Motion to Accept Late Response [19] is GRANTED.

IT IS SO ORDERED.

                                                                             s/Lawrence P. Zatkoff
                                                                             Hon. Lawrence P. Zatkoff
                                                                             U.S. District Judge

Dated: October 18, 2013